**Maria Lilia Ramirez CHAVEZ, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 06–72086.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Dec. 10, 2007.

Reza G. Athari, Esq., Immigration Law Offices of Reza G. Athari, Las Vegas, NV, for Petitioner.

CAC–District Counsel, Esq., Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Colette J. Winston, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Maria Lilia Ramirez Chavez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to re-

open. To the extent we have jurisdiction, it is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

The BIA properly construed Chavez's first motion as requesting reopening rather than reconsideration because she did not specify errors of fact or law in the prior BIA decision, but rather sought to offer new evidence of ineffective assistance of counsel and adjustment of status eligibility. *See* 8 C.F.R. § 1003.2; *see also Iturribarria v. INS*, 321 F.3d 889, 895 (9th Cir.2003). Accordingly, it was not an abuse of discretion for the BIA to deny Chavez's second motion to reopen as numerically barred. *See* 8 C.F.R. § 1003.2(c)(2) (generally allowing for a party to file only one motion to reopen).

Although the numerical limitation on motions to reopen may be equitably tolled where a party establishes ineffective assistance of counsel and due diligence, Chavez failed to raise an equitable tolling argument before the BIA. We therefore lack jurisdiction to review Chavez's contention that neither of her motions was subject to the numerical limitation. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional).

We lack jurisdiction to review the BIA's denial of Chavez's first motion to reopen, because Chavez did not file a petition for review within 30 days of that order. *See*

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

Chavez's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.